UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KEVIN MILLER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 2:15-CV-390 RLM-JEM |
| | ) |
| CAROLYN COLVIN, COMMISSIONER | ) |
| OF SOCIAL SECURITY, in her Official | ) |
| Capacity, | ) |
| Defendant | ) |

OPINION AND ORDER

Kevin Miller filed a *pro se* complaint against the Commissioner of Social Security, in her official capacity, under 42 U.S.C. §1983 and a petition to proceed without pre-payment of fees and costs. He alleges that the Commissioner violated his right to due process when she denied his application for Supplemental Security Income benefits, following a remand in 2014. *See* Miller v. Colvin, No. 4:13-CV-16 (N.D. Ind. Sep 25, 2014). For the following reasons, the motion to proceed without prepayment of fees and costs is DENIED, and Mr. Miller's complaint is DISMISSED, without prejudice.

42 U.S.C. § 1983 provides a cause of action against state officials who violate constitutional or other federally protected rights. But Mr. Miller's complaint seeks relief against a federal official, in her official capacity, and is effectively a suit against the Social Security Administration, a federal agency. To the extent it could be construed as an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) – the "federal analog to a § 1983 suit", Pahls v. Thomas, 718 F.3d 1210 (10th Cir. 2013) – Mr. Miller's claim is

barred by sovereign immunity. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 485-86 (2015) (*Bivens* action can't be brought against a federal agency); Horne v. Social Security Admin., 359 Fed. Appx. 138, 144 (11th Cir. 2010) ("*Bivens* permits suits only against federal agents in their individual capacities."); Cuevas v. Dept. Homeland Security, 233 Fed. Appx. 642, 643-44 (claim against federal agency and federal officials in their official capacity prohibited under *Bivens*).

To the extent Mr. Miller meant to bring a *Bivens* action against the Commissioner in her individual capacity, his complaint has no factual allegations that would explain how the Commissioner violated his constitutional rights and doesn't state a plausible claim on which relief could be granted. While the court might have jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c) to review the Commissioner's denial of benefits following the 2014 remand, Mr. Miller doesn't request such relief, didn't provide a copy of the decision, and doesn't allege any facts from which the court could infer that a request for review was timely filed or that the Commissioner's decision wasn't supported by substantial evidence.

Accordingly, the petition to proceed without prepayment of fees and costs [Doc. No. 2] is DENIED, and the complaint is DISMISSED, without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Pursuant to Fed. R. Civ. P. 15, Mr. Miller shall have twenty-one days from the date of this order to file an amended complaint and petition to proceed *in forma pauperis*.

SO ORDERED.

ENTERED:  November 19, 2015  

                          /s/ Robert L. Miller, Jr.  
                        Judge, United States District Court